UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Criminal Action No. 1:23-cr-10130-IT |
| | * | |
| LITANG LIANG, | * | |
| | * | |
| Defendant. | * | |

MEMORANDUM & ORDER
November 8, 2023

TALWANI, D.J.

On May 4, 2023, the government filed an Indictment [Doc. No. 1] against Litang Liang charging him with Conspiracy to Act as an Agent of a Foreign Government, 18 U.S.C. § 371, and Acting as an Agent of a Foreign Government Without Notice to the Attorney General, 18 U.S.C. § 951. On August 3, 2023, the government filed a Classified, Ex Parte, In Camera, Under Seal Motion for a Protective Order Pursuant to Section 4 of the Classified Information Procedures Act [Doc. No. 34]. For the reasons discussed herein, the court GRANTS the Motion.

### I. Standard of Review

#### A. *Classified Information Procedures Act*

The Classified Information Procedures Act ("CIPA"), 18 U.S.C. app. 3, is "aimed at protecting classified information in a way that does not impair the rights of defendants in a criminal trial." United States v. LaRouche Campaign, 695 F. Supp. 1282, 1285 (D. Mass. 2005). CIPA does not extend, but rather clarifies, the court's authority under Federal Rule of Criminal Procedure 16(d)(1) to "deny, restrict, or defer discovery or inspection" encompasses denials and/or restrictions in the interests of national security. See United States v. Aref, 533 F.2d, 78-79 (2d Cir. 2008).

As a result, a court considering a motion for a CIPA Rule 4 protective order "must first determine whether the material in dispute is discoverable, then whether the material is

privileged, [and] then determine if the information is at least helpful to the defense." United States v. Hanna, 661 F.3d 271, 295 (6th Cir. 2011); accord United States v. Sedaghty, 728 F.3d 885, 904 (9th Cir. 2013) (court "must first determine whether . . . the information at issue is discoverable at all"). Courts have framed this inquiry as whether the evidence sought would be "relevant and helpful" to the defendant such that disclosure would be necessary. See United States v. Pringle, 751 F.2d 419, 428 (1st Cir. 1984) (citing Rovario v. United States, 353 U.S. 53, 60-62 (1957)).

Pursuant to this framework, the court begins by considering the general discovery rules governing criminal proceedings. Under general disclosure, due process, and statutory considerations, defendants are entitled to four basic categories of information: (1) Rule 16 material; (2) Brady material (exculpatory material); (3) Giglio material (impeachment material); and (4) prior relevant statements of witnesses, pursuant to the Jencks Act, 18 U.S.C. § 3500.

B. *Rule 16 Material*

"Federal Rule of Criminal Procedure 16 requires that the government apprise the defense of (1) a relevant written or oral recorded statement by the defendant; (2) a relevant written record of a defendant's oral statement in response to government interrogation, and (3) the substance of a relevant oral statement by the defendant if the government intends to use the statement at trial." United States v. Small, 74 F.3d 1276, 1284-85 (D.C. Cir. 1996). Rule 16 also requires the government to disclose evidence that would be "material to preparing the defense." Fed. R. Crim. P. 16(a)(1)(E)(i).

C. *Brady/Giglio Material*

Under Brady v. Maryland, 373 U.S. 83 (1963), the State may not withhold evidence that is favorable to the defense and material to the defendant's guilt or punishment. Smith v. Cain, 565 U.S. 73, 75 (2012). Evidence is "favorable" where it is either exculpatory or impeaching.

2

United States v. Casas, 356 F.3d 104, 114 (1st Cir. 2004). And "evidence is 'material' . . . when there is a reasonable probability that, had the evidence been disclosed, the result of the proceeding would have been different." Cone v. Bell, 556 U.S. 449, 469-70 (2009); Kyles v. Whitley, 514 U.S. 419, 434 (1995) (evidence is material where its "suppression [would] 'undermine[] confidence in the outcome of the trial'") (quoting United States v. Bagley, 473 U.S. 667, 678 (1985)). Relatedly, under Giglio v. United States, impeachment evidence is material where the "false testimony could . . . in any reasonable likelihood have affected the judgment of the jury." 405 U.S. 150, 154 (1972). Under the "reasonable probability" standard, "[t]he question is not whether the defendant would more likely than not have received a different verdict with the evidence, but whether in its absence he received a fair trial, understood as a trial resulting in a verdict worthy of confidence." Kyles v. Whitley, 514 U.S. at 434.

D. *Jencks Act Material*

Under the Jencks Act, "no statement or report in the possession of the United States which was made by a Government witness or a prospective Government witness (other than the defendant) shall be the subject of a subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case." 18 U.S.C. § 3500. The court may not order pretrial disclosure of non-exculpatory material earlier than close of witness's testimony on direct examination. Id.

II. **Discussion**







### III.   Conclusion

For the foregoing reasons, the government's Motion is GRANTED. It is hereby ORDERED that the government is authorized to withhold the classified information set forth in its Motion from discovery. It is further ORDERED that the government's Motion and Memorandum of Law, the accompanying Declaration, Exhibits B and C thereto, and the classified version of this Order shall not be disclosed to the defendant, and shall be sealed and maintained in a facility appropriate for the storage of such classified information by the Classified Information Security Officer as the designee of the Clerk of Court, in accordance with established security procedures, for any future review, until further order of this Court.

A classified version of this Order is being provided to the Classified Information Security Officer to be served by hand on government counsel. The court anticipates filing a version of this Order with Section II fully redacted on the public docket. No later than November 27, 2023, the

government shall submit any objections to the proposed redaction and public filing.

IT IS SO ORDERED

November 8, 2023  /s/ _____

United States District Judge