UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | ) | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | Criminal No. 23-cr-10130-IT |
| LITANG LIANG, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MOTION FOR RECONSIDERATION

On November 29, 2024, the Defendant filed a Motion *in Limine* to exclude certain government exhibits ("Motion"). Dkt. No. 74. At the time, the Government prepared an Opposition to the Motion, but inadvertently failed to file it on December 13, 2024 alongside the Government's other opposition briefs and objections, *see e.g.*, Dkt. Nos. 82, 83, 84. The Government was not aware of this inadvertent failure to file until earlier today, when the Court granted the Defendant's Motion on grounds that it was unopposed. Dkt. No. 95. The government hereby requests reconsideration of the Court's order on grounds that doing say is in the interests of justice. *See United States v. Roberts*, 978 F.2d 17, 21 (1st Cir. 1992) (explaining that a district court may reconsider prior orders—including where a party has belatedly filed an opposition— under its "inherent power to afford relief from interlocutory decisions 'as justice requires.'"); *see also U.S. v. Siciliano*, 578 F.3d 61, 72 (1st Cir. 2009) (*citing Greene v. Union Mut. Life Ins. Co. of Am.*, 764 F.2d 19, 23 (1st Cir. 1985) ("[w]hen faced with a motion for reconsideration, district courts should apply an interests-of-justice test.")).

The First Circuit has identified a number of non-exhaustive factors relevant to the interests-of-justice test. *Roberts*, 978 F.2d at 21. Applying the relevant factors here, the

Government submits that reconsideration is appropriate because (1) this is a criminal case involving serious allegations; (2) this motion is being filed mere hours after the Government learned of its error and before the parties file its final joint exhibit list to the Court; (3) this was an entirely inadvertent error that involved no gamesmanship or attempt to secure a strategic advantage; (4) the Defendant is not prejudiced because the Court's order only issued today and there are still several weeks until trial; and (5) the utility of the pleading is high because, at a minimum, the attached Opposition provides important context to the Court's consideration of whether the evidence at issue is relevant to the forthcoming trial.

As explained in the attached Opposition, the Defendant's Motion seeks to exclude photographs of the Defendant and what the Defendant refers to as a "structural chart" depicting "various levels of Chinese government and entities." Motion at 1. Contrary to the Defendant's arguments, however, these exhibits are highly relevant to the charges in this case because these photographs and the chart go directly to the Defendant's relationship with and knowledge of the People's Republic of China's Ministry of Public Security ("MPS")—within which the Defendant previously served as an officer.

Defendant's characterization of the evidence is inaccurate and incomplete. For example, what the Defendant described as "a structural chart that seems to show various levels of Chinese government and entities," Motion at 1, appears to in fact be a reference to a plaque found in the Defendant's home bearing the MPS seal and the title "China Police." The plaque shows, with insignia, various ranks within MPS. The fact that the Defendant kept a plaque in his home that relates to the organizational structure of the MPS is directly relevant to proving that the Defendant knew that the MPS is an arm of the PRC government. In addition, what the Defendant described as "pictures of the Defendant taken when he was a young man and working

as a civilian road traffic control personnel," Motion at 1, are in fact the Defendant wearing the uniform of MPS as a young man. This information was not before the Court at the time that it made its decision.

The government therefore respectfully requests that the Court grant this Motion for Reconsideration, and deny the Defendant's Motion *in Limine*.

Dated: January 14, 2025                                  Respectfully submitted,

                                                        JOSHUA S. LEVY
                                                        United States Attorney

                              By:    */s/ Timothy H. Kistner*
                                     Timothy H. Kistner
                                     Assistant U.S. Attorney

                                     */s/ Menno Goedman*
                                     Menno Goedman
                                     Trial Attorney
                                     National Security Division

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and that paper copies will be sent to those indicated as non-registered participants on this date.

                                            */s/ Timothy H. Kistner*
                                            Timothy H. Kistner
                                            Assistant U.S. Attorney